THOMAS RYAN, Respondent, *v.* THOMAS HARRIS, Appellant.

*Appeal from Multnomah County.*

1. The charter of the city of Portland declares that the recorder of that city shall be *ex officio* a justice of the peace, within the corporate limits— *Held*, that the legislative assembly could rightly confer such authority.

2. No appeal will lie from what is usually styled a judgment by default.

ON the 6th day of October, 1865, Ryan sued Harris, in a civil action, before J. J. Hoffman, recorder of the city of Portland, and *ex officio* justice of the peace. Summons and service was duly made, and defendant failing to appear and answer on the day fixed for trial, the plaintiff had judgment, for failure to answer, against defendant for $98.50. From that judgment defendant appealed to the Circuit Court. At the November term, 1865, of that court, the respondent moved to dismiss the appeal on the ground that such appeal was improper. After argument, the circuit judge sustained the motion, and, affirming the judgment below, dismissed the appeal. Defendant Harris appealed from that judgment to the Supreme Court, claiming that neither of the courts had jurisdiction over the case.

*L. Stout, Esq.,* for appellant, claims:

1st. That the recorder of the city of Portland had no jurisdiction of the subject matter in controversy.

2d. That the recorder was exercising the powers of justice of the peace by virtue of the *special* law incorporating the city of Portland. (*Special Laws* 1864, *section* 5, *page* 14.)

3d. The legislature had no authority to make such provision. (*Section* 23, *subdivision* 1, *article* 4, *of the Constitution ; section* 1 *of article* 7, *of the same.*)

*O. H. Mason, Esq.,* for respondent, claims:

1st. That the recorder had jurisdiction.

2d. That no appeal lies from a judgment for want of answer. (*Sections* 525, 526 *of Code; sections* 64, 65 *of Justices of the Peace Act.*)

Wilson, J. This case develops but two questions: Was the recorder of the city of Portland an officer properly exercising the power of a justice of the peace in taking jurisdiction over civil causes? and, was the judgment below one admitting of an appeal? Upon the former inquiry references are made to the Constitution of Oregon. Article 4, subdivision 1, section 23, reads thus: "The legislative assembly shall not pass *special or local* laws in any of the following enumerated cases, that is to say: 1. Regulating the jurisdiction and duties of justices of the peace and constables;" and, article 7, section 1, in part, reads thus: "Justices of the peace may also be invested with limited judicial powers, and municipal courts may be created to administer the regulations of incorporated towns and cities." In article 6, section 7, the Constitution declares that such "township and precinct officers as may be necessary shall be elected or appointed in such manner as may be prescribed by law." The number of such officers, their appointment or election, are subjects for legislation. *Title* 4, *chapter* 38, *section* 27, *of the Code,* provides: "That there shall be elected at a general election, by the qualified electors of the several election precincts of this State, one justice of the peace," etc. That section proposes that there shall be at least one such officer in each precinct, and that one shall be elected; but there is no prohibition to the appointment or election of as many more as the legislature at a subsequent time might provide. The legislative assembly has supreme power in enacting laws, subject to the Constitution and laws of the United States, and to the Constitution of Oregon. Their acts may be seeming inconsistent with each other; but when the rules of construction are to be applied to them, all State laws are of equal authority, so far as their origin is concerned,

and must be construed so that all may be in force if possible. Concerning subjects not limited or provided for in the Constitution, the legislative assembly has unlimited and absolute authority, guarded only by the right of the people to change their legislators.   While there is a general law providing that one justice of the peace shall be elected in each precinct, there is no restriction to the legislature providing for more than that number, and a latter law to that effect would have equal force with the former, and would in no wise defeat the former or restrict any of its provisions.   The same power made both, and had full right to do so.   We hold that the legislature could clothe officers with the authority of justices of the peace, and could assign them their spheres of jurisdiction.   The Constitution provides for the creation of municipal courts to administer judicially the regulations of cities and towns, and the legislature has clothed that court with proper power, and made its presiding officer a justice of the peace.   The main reliance of the appellant on this point is upon the first reference to the Constitution.   In reference to section 23, article 4, we hold that the prohibition from passing *special* laws regulating the *jurisdiction* of justices of the peace, refers to the giving of magistrates in one locality greater jurisdiction over causes of action, greater powers and authority than in another, and does not refer to the territorial jurisdiction of such officers.

Having answered the first inquiry in the affirmative, it will be necessary to decide the second.   Under the statutes of 1855, in our courts, a distinction seems to have arisen between a judgment for default and a judgment on failure to answer.   By that statute, in actions for money only, and also in other actions, it seemed that the entry of a default by defendant was necessary, and a precedent to giving of judgment.   The statute seemed to provide in terms for that course; and in other causes than those upon contracts for money only, it was necessary, after default properly entered for plaintiff, for him to apply for further proceedings in order to

have a judgment either at that or a subsequent term. Judgment for failure to answer seemed to have become limited to those cases where a party defendant appeared in court but waived making any answer either by express notice or by a silence equivalent to a notice. There is no ground for such distinction in the present Code, nor any pretence therefor. Section 246 provides: "When the time for answering the complaint has expired, and defendant has failed to answer, the plaintiff shall have judgment immediately, unless, in order to enable the court to give proper judgment or proper relief, the taking of some proof is necessary." The Code provides only these ways of entering judgments: 1st. Judgment in general; 2d. Judgment of nonsuit; 3d. Judgment on failure to answer; and, 4th. Judgment by confession. No other forms are mentioned. *Section 64, page 595, of the Code,* relating to appeals from courts of justices of the peace, provides that either party may appeal from a judgment, except when the same is given by confession or want of an answer. It prohibits, then, clearly an appeal in all cases for which provision is made under the head of judgment on failure to answer. Section 246 covers all cases of *default* which may have existed or can exist; and styles them not as judgments "by default," but as "on failure to answer." In this case, the judgment in the Justice's Court shows that defendant was duly served with process, and the time for answering having expired without such pleading, judgment was rendered against him for that reason. We think we do not mistake these provisions of the Code, and we do not doubt that such judgments admit of no appeal.

Judgment affirmed.