STATE OF OREGON, RESPONDENT, *v.* ROBERT WILEY, APPELLANT.

POWER OF THE LEGISLATURE.—The Legislature had the power to confer upon the Police Judge of the city of Portland the jurisdiction and authority of a Justice of the Peace within the limits of said city, but it had no power to limit that jurisdiction to criminal cases.

JURISDICTION OF POLICE JUDGE, WHEN ACTING AS A JUSTICE.—The jurisdiction and authority of the Police Judge, when acting as a Justice of

the Peace, are identical with that of all other Justices of the Peace, and extend alike to civil and criminal cases.

VOID PROVISIONS IN STATUTE—EFFECT OF.—When some of the provisions of a statute are constitutional and others unconstitutional, the latter only are void.

APPEAL from Multnomah County.

The Grand Jury of Multnomah County indicted Robert Wiley for the crime of perjury, alleged to have been committed on his examination as a witness on the trial of a cause in the Police Court, in the city of Portland, before Hon. D. C. Lewis, Police Judge, in which the State of Oregon was plaintiff and Joseph Perry and Caroline Wilson were defendants, they being then and there charged with and tried for the crime of assault and battery. On said indictment Wiley was tried in the Circuit Court of the State of Oregon for the County of Multnomah. Upon the trial, the Prosecuting Attorney offered in evidence the docket of the Police Judge and oral testimony to show that Wiley had taken an oath before said officer in an action in which the State of Oregon was a party. To the introduction thereof Wiley's counsel objected, urging that the Police Judge had no legal authority to assume the jurisdiction and power of a Justice of the Peace, and as such, administer oaths to witnesses in State cases or to try such cases. The Court overruled the objection, and admitted the evidence, to which ruling appellant's counsel then and there excepted. The jury returned a verdict of guilty, and Wiley, standing on his exception, appeals to this Court.

*John Creighton,* for Appellant.

*Theodore Burmester, and Gibbs & Upton,* for Respondent.

By the Court, MCARTHUR, J.:

The principal question to be decided in this case is, whether or not the Police Judge of the city of Portland —a municipal corporation—has any legal authority to act in the capacity of a Justice of the Peace, and as such, to try criminal actions and administer the necessary oath to

the witnesses therein.   The jurisdiction of the Police Judge is defined in §§ 155, 156 and 157, p. 130–1 of the Laws of Oregon, 1870, which provide as follows:

"SEC. 155. The Police Judge has jurisdiction of all crimes defined by any ordinance of the city of Portland, and of all actions brought to enforce or recover any forfeiture or penalty declared or given by any such ordinance.

"SEC. 156. The Police Judge has the jurisdiction and authority of a Justice of the Peace for the county of Multnomah, within the limits of the city of Portland, in criminal matters, and shall be subject to the general laws of the State, prescribing the duties of a Justice of the Peace, and the mode of performing them.   He shall keep a record of all proceedings before him.

"SEC. 157. All criminal proceedings before the Police Judge or in the Police Court are governed and regulated by the general laws of the State applicable to Justices of the Peace and Justices' Courts in like or similar cases," etc.

It will be noticed that § 156 confers upon the Police Judge the jurisdiction and authority of a Justice of the Peace, for the county of Multnomah, within the city of Portland.   The power of the Legislature to enact a law investing the Police Judge of any municipal corporation, *ex-officio*, with the jurisdiction and authority of a Justice of the Peace, either generally or limitedly, was discussed at considerable length by counsel.   It is not, however, deemed necessary to judicially explore this question at this time, for the reason that a similar one was presented and decided in *Ryan* v. *Harris* (2 Ogn. 177), in which case it was held that the Legislature could rightly confer upon the Recorder of the city of Portland (who executed similar functions to the Police Judge) the power and authority of a Justice of the Peace within the corporate limits; and this decision was approved in *Craig* v. *Mosier* (2 Ogn. 324).

Passing from this, it was insisted by counsel that the limitation and restriction of the jurisdiction and authority of the Police Judge, when acting as a Justice of the Peace, *to criminal matters alone,* renders the entire section of the law

void, for the reason that it contravenes Article IV, § 23, Subdivision 1, of the State Constitution, which declares that "the Legislative Assembly shall not pass special or local laws in any of the following cases, that is to say:

"1. Regulating the jurisdiction and duties of Justices of the Peace and Constables."

In view of this constitutional provision and of the decision in *Ryan* v. *Harris*, we are impelled to the conclusion that the limitation and restriction of the jurisdiction and authority of the Police Judge when acting as Justice of the Peace *to criminal matters* is unconstitutional. There is no authority known to our laws for restricting the jurisdiction of a Justice of the Peace to one class of cases, whether civil or criminal. He must exercise jurisdiction and authority in both classes.

Admitting this conclusion, it was claimed that the restriction does not invalidate the entire section, but only overthrows that part thereof expressing the limitation. An examination of the authorities will enable us to reach a speedy and satisfactory decision on this point.

"The principle that a statute is void," says Mr. Sedgwick, in his elaborate and admirable treatise on the rules governing the interpretation and application of statutory and constitutional law, p. 489, "only so far as its provisions are repugnant to the Constitution, that one provision may thus be void and this not affect other provisions of the statute, has been frequently decided." In *Gibbons* v. *Ogden* (9 Wheaton, 1), and *The City of New York* v. *Miln* (11 Peters, 102), the Supreme Court of the United States recognized this as a settled principle of the law of construction. In *Fisher* v. *McGirr* (1 Gray, 22), it was declared "that where a statute has been passed by the Legislature under all the forms and sanctions requisite to the making of laws, some part of which is not within the competency of the legislative power, or is repugnant to any provision of the Constitution, such part thereof will be adjudged void and of no avail, whilst all other parts of the act not obnoxious to the same objection, will be held valid and have the force of law. There is nothing inconsistent in declaring

one part of the same statute valid and another part void." In *Commonwealth* v. *Kimball* (24 Pick. 361), and in *Norris* v. *Boston* (4 Metcalf, 288), a similar conclusion was arrived at. In *The People ex rel. Attorney-General* v. *Hill* (7 Cal. 103), Murray, C. J., in delivering the opinion of the Court, adhered to the same principle. The decisions upon this point are so abundant that it has not been thought necessary to refer to any save those which may well be considered as leading cases.

It follows that the clause *"in criminal matters"* should be stricken from ₰ 156, and the remaining portion of the section stand as law. Also, that the jurisdiction and authority of the Police Judge, when acting as Justice of the Peace, are identical with that of all other Justices of the Peace and extend alike to civil and criminal cases. That officer had jurisdiction of the case in which the appellant was called to testify, and the witness was legally as well as morally bound to testify the truth. If he willfully testified falsely he was guilty of perjury. Therefore, the testimony offered by the Prosecuting Attorney on the trial in the Circuit Court, tending to show that Wiley had been a witness in a case tried before the Police Judge, acting as Justice of the Peace, and that he testified falsely therein, was properly admitted.

Judgment affirmed.