## THE CITY OF PORTLAND, APPELLANT, *v.* O. N. DENNY, RESPONDENT.

POLICE JUDGE—JURISDICTION OF, UNDER THE CHARTER OF THE CITY OF PORT-LAND.—By § 155 of the charter of the city of Portland, the police judge has jurisdiction of all crimes defined by any ordinance of said city.

IDEM.—In addition to such jurisdiction, by § 156 he has the jurisdiction of a justice of the peace, under the general laws of the State, identical with that of all other justices of the peace.

COMPENSATION OF POLICE JUDGE OF THE CITY OF PORTLAND.—By § 160, for his services in the capacity of a police judge proper, he is to be paid out of the city treasury, by a salary fixed by ordinance, not to exceed eighteen hundred dollars per annum. By § 173, when acting in the capacity of a justice of the peace, in enforcing the laws of the State, he is entitled to tax and receive fees in compensation for such services as other justices of the peace.

APPEAL from Multnomah County.

The complaint alleges that respondent is police judge of the city of Portland, and while acting as such, in the years 1871 and 1872, in pursuance of authority vested in him by § 156 of a special act of the Legislature under and by which said city is incorporated, he exercised the jurisdiction and authority of a justice of the peace for the county of Multnomah, in said city of Portland, and subject to the general laws of the State prescribing the duties of justices of the peace.

That in pursuance of said section, said respondent, in certain criminal actions tried before him, wherein the State of Oregon was plaintiff and divers persons charged with crimes and misdemeanors against the State were defendants, collected and received for his services as aforesaid a large amount of money, to wit, $3289.60. That, although often

requested, he failed and neglected to pay the same into the city treasury.

To this complaint, respondent filed a general demurrer, on the ground that it did not contain facts sufficient to constitute a cause of action. The demurrer was sustained, and judgment given against appellant for cost, from which judgment an appeal has been taken to this Court.

*A. C. Gibbs and E. G. Hughes*, for Appellant.

*Dolph, Bronaugh, Dolph & Simon, and J. B. Waldo*, for Respondent.

By the Court, PRIM, J.:

The respondent is police judge of the city of Portland, and has the jurisdiction and authority of a justice of the peace for the county of Multnomah within the limits of the city of Portland. While exercising the jurisdiction and authority of a justice of the peace in the trial of criminal actions prosecuted under the general laws of the State, he has received fees for services amounting in the aggregate to $3289.60.

It is claimed by appellant that these fees should have been paid into the city treasury, and respondent having failed to do so, this action is brought by the city to recover them.

The office of police judge is created by a special and local act of the Legislature under which the city of Portland is incorporated. By § 155, "the police judge has jurisdiction of all crimes defined by any ordinance of the city of Portland, and of all actions brought to enforce or recover any forfeiture or penalty declared or given by any such ordinance." By § 156, it is provided that "the police judge has the jurisdiction and authority of a justice of the peace for the county of Multnomah, within the limits of the city of Portland, in criminal matters, and shall be subject to the general laws of the State prescribing the duties of a justice of the peace and the mode of performing them." In the case of *The State* v. *Wiley*, this section was construed by

this Court to mean that "the jurisdiction and authority of the police judge, when acting as justice of the peace, is identical with that of all other justices of the peace, and extends alike to civil and criminal cases." By § 160, it is provided that "the police judge shall receive an annual salary, payable quarterly, not exceeding eighteen hundred dollars, * * * which salary shall be fixed by ordinance by the Common Council, and paid out of the city treasury as other salaries are paid, and he shall receive no other compensation for his services." This is the section specially relied upon by counsel for appellant to show that the compensation therein provided is to be in full for the services of respondent, not only in the discharge of the duties pertaining to the office of police judge, but also in full for services performed by him while acting under the general laws of the State in the discharge of the duties of a justice of the peace. This section may be very properly construed as having reference to the compensation he is to receive for his services while acting *strictly* as police judge, in trying offenses committed in violation of city ordinances. In construing this section another fact which should be taken into consideration is, that the recorder, whom the police judge succeeded, was paid by fees, and by this act the police judge is not to be paid by fees, but by a salary; and the clause that he "shall receive no other compensation," may have been used to state that fact.

But the fact that § 160 has reference to the compensation to be received by the police judge for services performed in that capacity solely, and not as justice of the peace, is made still more apparent by § 173, which provides that "the police judge, when acting under or enforcing the laws of the State, shall be *entitled* to tax the *same fees* and compensation as a justice of the peace."

Mr. Justice Upton, in discussing this point in the Circuit Court, very appropriately said: "As the defendant acts in two distinct capacities, counsel differ as to what services are referred to in the section first above quoted. As police judge, his powers are created and defined by this special and local act. As a justice of the peace his jurisdiction and

duties are defined by the general laws of the State. As a police judge, he is a city officer; his services are rendered to the city, and unquestionably for those services he is to be paid by the city. As a justice of the peace, he is not strictly a city officer, but, as is disclosed in § 156 of the act, he has the jurisdiction and authority of a justice of the peace for the county." The defendant claims that the compensation mentioned in § 160 relates solely to services rendered as a police judge, while the plaintiff claims that it includes all the services to be rendered by him in both capacities. As a justice he is "entitled to tax fees and compensation." This phraseology certainly indicates that he is to have an interest in the fees: Using the word *entitled* rather than authorized, directed or required, indicates that he is to derive a benefit from the fees so taxed. If it was intended that he should derive no compensation from that source, it was a remarkable misuse of words to say he shall be "entitled" to tax fees and compensation, without placing any restriction upon him or giving any intimation that the fees may be otherwise appropriated.

Again he says: "The defendant, as justice of the peace, being authorized by the general laws of the State to receive fees for services, must retain that right, unless the language of § 156 is to be construed either to prohibit him from receiving them or to compel him to pay them into the treasury after he has received them. If it was intended that he should pay them into the treasury after receiving them, it is a very indirect mode of expression to say *he should not receive them*. And it is still more inconsistent with such construction that the same act should speak of these fees as compensation, and declare the defendant 'entitled to tax fees and compensation,' without a suggestion of paying them into the city treasury, or of any purpose or object different from that indicated by the general laws of the State.

"If we treat the salary as compensation for the services rendered as police judge, and the justice's fees as compensation for services rendered as justice of the peace, all the supposed contradictions disappear, and I think the act may

be thus understood without a forced or violent construction of any of its language.

"That construction necessarily follows, if it is conceded that § 160 refers to the services of the police judge performed in that capacity, and not as a justice of the peace. With this concession the several parts of the act harmonize and the whole act conforms to the Constitution; otherwise, its provisions are conflicting."

There is a general law of the State providing how costs taxed and fines and penalties imposed by justices of the peace shall be disposed of. This general law must apply to the respondent as a justice of the peace, and dispose of all costs taxed as therein provided, unless repealed, or unless the general laws of the State do not apply to him as to other justices of the peace. If he is a justice of the peace, within the meaning of the Constitution, as held in *State* v. *Wiley*, he must be one within the meaning of the general laws concerning justices of the peace passed under the Constitution.

The general law not being repealed, it applies to him when acting as a justice of the peace the same as it applies to every other justice in the State.

The judgment of the Circuit Court, sustaining the demurrer, should be affirmed.