# MULTNOMAH COUNTY, Appellant, *v.* W. H. ADAMS, Respondent.

Constitutionality of Statute Affirmed.—Section 158 of the charter of the city of Portland, as amended and approved October 28, 1874, does not contravene article IV, section 23, subdivision 1, of the state constitution.

Appeal from Multnomah County.

This is an action brought by the county of Multnomah against W. H. Adams, for the recovery of certain fines collected by him from defendants in state cases. The complaint alleges that the plaintiff is a duly organized public corporation; that Adams is the police judge of the city of Portland, a duly organized municipal corporation; that in virtue of the incorporation act or charter, the police judge of said municipality is *ex officio* justice of the peace; that acting as such, he has enforced the provisions of the criminal code over which the justice's jurisdiction extends, and in so doing has imposed and collected fines amounting to four hundred and fifty-nine dollars. These fines the county seeks to recover. To this complaint a demurrer was interposed, which, after argument, was sustained, and the complaint dismissed. The court below based its ruling upon section 158 of the charter, which provides that "after July 1, 1875, all costs, fees and expenses taxed against or received from any defendant in a criminal proceeding before the police judge, either for the violation of a city ordinance or a law of a state, shall, when received or collected, be paid by said judge to the city treasurer, who shall give him duplicate receipts therefor, one of which shall be filed with the auditor, and all fines imposed by said judge, and penalties recovered before him, either for violation of a city ordinance or a law of the state, shall, when received or collected, be disposed of by him in like manner; and all fees taxed against or received from a party in a civil action for the service of said judge as justice of the peace, or the service of a policeman as a constable, shall, when received or collected, be disposed of by him in like manner, and said

judge shall not be entitled to have and receive any other or greater compensation for anything by him done or performed under or by virtue of this act than the salary provided for in section 160. Such police judge shall not be required to entertain any civil action."

*Raleigh Stott, District Attorney, and C. A. Ball,* for appellant:

. Section 158 of the city charter, being a special and local law, is unconstitutional, for that it attempts to regulate the duties of the police judge when he acts as justice of the peace, which can only be done by a general law. The word " duties," as used in art. IV., sec. 23, subd. 1 of the constitution, includes every act that the law requires a justice of the peace to perform. The respondent should follow sections 100 and 101 of the justice's code in the disposition of the fines imposed in state cases.

*John M. Gearin,* for respondent:

The duty of paying over fines to a designated officer is merely ministerial, and therefore the section under discussion is not violative of the constitution.

By the Court, McARTHUR, J.:

That the legislative assembly, in creating the office of police judge of the city of Portland, had authority to invest that officer with the jurisdiction of a justice of the peace within the city limits, has been so often decided that the question must be regarded as fully settled, and such authority fully established. (*Ryan* v. *Harris,* 2 Or. 175; *Craig* v. *Mosier,* 2 Id. 323; *State* v. *Wiley,* 4 Id. 184; and *Portland* v. *Dening,* 5 Id. 160.) Nor is the principal question presented entirely new. In *Ryan* v. *Harris, supra,* we passed upon art. IV., sec. 23, subd. 1, of the state constitution, which declares that the legislative assembly shall not pass special and local laws regulating the jurisdiction and duties of justices of the peace, and held this prohibition to mean that justices of the peace in one locality should not be given greater jurisdiction over causes of action, nor greater powers, than in another locality. This we still hold,

and see no reason to question the correctness of the conclusion reached. The duty of paying over the fines to the city treasurer is a mere ministerial duty, and cannot be held to fall within the prohibition of the constitution which refers to powers, duties and jurisdiction in relation to causes of action, judicial proceedings, magisterial acts. Over these fines the legislative assembly had plenary power, and could authorize the payment of the same to the city as well as to the county or to the school fund.

Judgment affirmed.