Argued 10 April; decided 24 April, 1899.

## CLEMMENSEN v. PETERSON.

[56 Pac. 1015.]

1. CONSTITUTION—STATUTE—TITLE OF ACT.—Laws, 1889, p. 404, entitled "An act to reincorporate the Town of Marshfield," section 56 of which provides for the election of a recorder, who may exercise the powers and perform the functions of a justice of the peace, is not in derogation of the Oregon Constitution, Article IV, § 20, providing that "Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title:" State v. Shaw, 22 Or. 287, cited.

2. LOCAL LAWS—JUSTICES OF THE PEACE—CONSTITUTION.—The provisions of the act incorporating the Town of Marshfield (Laws, 1889, p. 404, § 56), investing the recorder with the powers of a justice of the peace within the limits of the town, are not within the prohibition of the Oregon Constitution, Article IV, § 23, Subd. 1, against local laws "regulating jurisdiction and duties of justices of the peace," or Article VII, § 1, declaring that justices of the peace may be invested with limited judicial powers, and municipal courts may be created to administer the regulations of incorporated towns and cities. These clauses do not refer to the territorial jurisdiction of the magistrate, but to the classes of cases over which he may preside: Multnomah County v. Adams, 6 Or. 114, followed.

From Coos :    J. C. FULLERTON, Judge.

Application by Lars Clemmensen against Aug. Peterson and others to review a judgment of the Recorder of the Town of Marshfield under a claim that he was without jurisdiction.    The writ was dismissed, and petitioner appeals.                                      AFFIRMED.

For appellant there was a brief over the names of D. L. Watson and D. L. Watson Jr., with an oral argument by Mr. Edward B. Watson.

For respondent there was a brief and an oral argument by Mr. John F. Hall.

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

This is a special proceeding for review of the decision of W. H. S. Hyde, the duly-elected Recorder of the Town

of Marshfield, sitting *ex officio* as justice of the peace, in an action for the recovery of personal property, wherein August Peterson was plaintiff and Lars Clemmensen was defendant. Two questions are involved. It is contended, in the first place, that the act of the legislature wherein provision is made for the election of a recorder of the Town of Marshfield is neither potent nor efficacious to empower that officer to act in the capacity or to perform the functions of a justice of the peace. The act is entitled "An act to reincorporate the Town of Marshfield, Coos County, Oregon :" Sess. Laws, 1889, p. 404. Section 56, under which Hyde assumed this authority, reads as follows : "The recorder is the judicial, accounting and clerical officer of the town. He is the judge of the recorder's court and justice of the peace within the corporate limits, and as such can exercise within said town limits any and all powers conferred by the laws of this state to a justice of the peace, the clerk of both of said courts, and auditor of accounts and demands against the town, and clerk of the board of trustees, and may by ordinance be made town assessor." It is thought the power thus attempted to be conferred upon the recorder, to act in the capacity or to discharge the duties of a justice of the peace, under the general laws of the state, within the limits of the town, is in derogation of the State Constitution, Article IV, § 20, whereby it is provided that "every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title ;" and it is urged that the conferring of such jurisdiction upon the recorder is without the purview of and not germane to the subject expressed in the title of the act.

1. The purpose of this clause of the constitution is well understood, and it was adopted to prohibit the legislature from combining in one act subjects wholly in-

congruous, diverse in their nature, and having no perceptible or necessary connection with each other, and to obviate the practice of inserting in an act clauses involving matter of which the title is not calculated or adequate to give or convey any intimation. Thus, it was designed by the framers of the constitution that in every case .the proposed measure should stand upon its own merits, and that the legislature should be fairly satisfied of its purpose by an inspection of the title, when required to pass upon it, so as not to be surprised or misled by the subject which the title purported to express : *State* v. *Shaw*, 22 Or. 287 (29 Pac. 1028); Cooley, Const. Lim. (5 ed.), pp. 142, *143. The question here is whether conferring power upon the recorder to act as a justice of the peace is germane to the subject-matter expressed in the title of the act. The purpose of the incorporation of towns and cities is to provide a system of local self-government. This comprehends investing them with the ordinary powers incident to such institutions, comprising legislative, police, and judicial powers, and other governmental functions apposite and requisite to the promotion and maintenance of the organization. Now, it would seem that the design of section 56 of the reincorporating act was to confer judicial power upon the recorder—a function appertaining to the city government, and therefore cognate to the purpose of the incorporation, and not in contravention of the provision of the Constitution in Article IV, § 20. The case of *Woolf* v. *Taylor*, 98 Ala. 254 (13 South. 688), wherein it was held that educational institutions are not regarded as necessarily belonging to municipal government, is cited and much relied upon. Reasoning from analogy, it is said that conferring the jurisdiction of justice of the peace upon a town recorder is not necessary to the government of the town. It will

35 Or.—4.

be ascertained, on reference to that case, that the incorporating act undertook to regulate the revenues derived by the county and state from liquor licenses, and to direct the county judge to pay the receipts therefrom into the city treasury—a matter which at once would appear to be wholly without the purpose of the act. It may be said that a city could carry on its municipal government without the assistance of a justice of the peace ; yet, in making provisions touching the judicial department of its government, it has been usual, in this state, to extend such power to the recorder, and it is not believed to be foreign to the subject-matter of the act of incorporation.

2. The next question arises touching the application of the prohibition of the Constitution in Article IV, § 23, Subd. 1, which reads : "The legislative assembly shall not pass special or local laws in any of the following enumerated cases, that is to say : (1) Regulating the jurisdiction and duties of justices of the peace and of constables,"—and Article VII, § 1, which reads in part as follows : "Justices of the peace may also be invested with limited judicial powers, and municipal courts may be created to administer the regulations of incorporated towns and cities." It is argued that under these clauses of the constitution the legislature was without power or authority to invest the recorder with the jurisdiction of a justice of the peace within the limits of the town. But this question has been so often decided against the contention that it must now be regarded as settled. The first decision upon the subject was in *Ryan* v. *Harris*, 2 Or. 175, whereby it was held that the prohibition against passing special laws regulating the jurisdiction of the justice of the peace refers to giving a justice in one locality greater jurisdiction over causes of action, or greater powers and authority, than in another, and does not refer to the territorial jurisdiction of such officers. This

case was specially approved and followed in *Multnomah County* v. *Adams*, 6 Or. 114. See, also, *Craig* v. *Mosier*, 2 Or. 323 ; *State* v. *Wiley*, 4 Or. 184 ; *Portland* v. *Denny*, 5 Or. 160. We feel bound by these precedents at this late date, especially as the doctrine thereby enunciated has been adhered to so uniformly. It is well known that almost every municipal corporation throughout the state has a clause conferring like jurisdiction upon the recorder or judicial officer of the municipality ; and, where the authority in granting the jurisdiction has been so generally and constantly exercised by the legislature, its repugnance to the constitution should be very clear, to justify the judiciary in abridging its continued employment of such power under the unvarying interpretation heretofore accorded such constitutional provisions. In consideration of these views, the judgment of the court below is affirmed.                    AFFIRMED.