TERRITORY OF OREGON, Plaintiff, *v.* NATHAN G. COLEMAN, Defendant.

### *Reserved from Lane.*

One who sells liquors to Indians may be punished for the same act under the law of the territory and the law of the United States.

THE indictment in this case was found under the act of the Legislative Assembly, passed January 23d, 1854, entitled "An act to prevent the sale of ardent spirits to Indians." Defendant denies the validity of this law, on the ground that the act of Congress, passed June 30th, 1834, entitled "An act to regulate trade and intercourse with the Indians," is applicable to and in force in this territory; and that the sale of liquor to Indians is prohibited by that act.

*R. P. Boise*, for plaintiff.

*D. Logan*, for defendant.

WILLIAMS, C. J. No power, it is argued, existed in the Territorial Assembly to enact a law of this kind, as Congress had legislated upon the subject; and if the defendant is convicted and punished under the territorial law, he may also be convicted and punished for the same act under the law of Congress, and thus be twice punished for the same offence. This express question has been decided by the Supreme Court of the United States. Justice Grier, in the case of *Moore* v. *The State of Illinois, Howard's R. vol.* 14, *page* 13, says,

"An offence, in its legal signification, means the transgression of a law. A man may be compelled to make reparation in damages to the injured party, and be liable also to punishment for a breach of the public peace, in consequence of the same act; and may be said, in common parlance, to be twice punished for the same offence. Every citizen of the United States is also a citizen of a State or territory. He may be said to owe allegiance to two sovereigns, and may be liable to punishment for an infraction of the laws of either. The same act may be an offence or transgression of the laws of both. Thus, an assault upon the marshal of the United States, and hindering him in the execution of legal process, is a high offence against the United States, for which the perpetrator is liable to punishment; and the same act may also be a gross breach of the peace of the State, a riot, an assault, or a murder, and subject the same person to a punishment under the State laws for a misdemeanor or felony. That either, or both, may (if they see fit) punish such an offence, cannot be doubted. Yet, it cannot be truly averred that the offender has been twice punished for the same offence; but only that by one act he has committed two offences, for either of which he is justly punishable. He could not plead the punishment by one in bar to a conviction by the other; consequently, this court has decided, in the case of *Fox* v. *The State of Ohio*, 5 *How.* 432, that a State may punish the offence of uttering or passing false coin as a cheat, or fraud, practiced upon its citizens; and in the case of the *United States* v. *Marigold*, 9 *How.* 560, that Congress, in the proper exercise of its authority, may punish the same act as an offence against the United States." This case clearly falls within the rule here laid down, and, therefore, the territory is entitled to a judgment.

Judgment for plaintiff.