[Filed June 24, 1891.]

## STATE OF OREGON *v.* E. J. HORTON.

LICENSES, LEGISLATIVE CONTROL OF.— Licenses to sell spirituous liquor have neither the qualities of a contract or of property, but are subject to the control of the legislature, which may by the enactment of appropriate laws, modify, revoke or continue them, as it may deem proper.

PENDLETON CHARTER—SELLING LIQUOR TO MINORS—FORFEITURE OF LICENSE.— The city of Pendleton, under its charter and the laws of the state, has exclusive authority to grant liquor licenses within its limits, but they are subject to forfeiture for violation of the state law prohibiting the sale of intoxicating liquor to minors.

Umatilla county: M. D. CLIFFORD, Judge.

State appeals. Reversed.

*Chas. F. Hyde,* district attorney, for Appellant.

*W. M. Ramsey,* for Respondent.

BEAN, J.—The defendant was indicted, and on his plea of guilty, convicted of the crime of selling intoxicating liquor within the city of Pendleton to a minor, under section 1913, Hill's Code, and sentenced to pay a fine of seventy-

five dollars.   From the record, it appears that at the time of the commission of the crime and of his conviction, the defendant had a license issued by the city of Pendleton to sell spirituous, malt and vinous liquors by retail in less quantities than one gallon, which the court refused to declare forfeited, and hence this appeal.

The indictment in this case was under section 1913, Hill's Code, which provides: "If any person shall sell * * * any intoxicating liquor to any minor in this state, * * * such person shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine of not less than fifty dollars, * * * and shall forfeit any license such person may have to sell spirituous or intoxicating liquors in less quantities than one gallon."

The contention of respondent is that the provisions of the above section, requiring the forfeiture of licenses to sell spirituous liquors in less quantities than one gallon, do not apply to licenses granted by the city of Pendleton.   By its charter the city has power "to license, tax, regulate, restrain, suppress and prohibit bar-rooms, groceries and tippling-houses," and also power "to impose forfeitures." (Laws, 1889, 218, 219.)   The argument is that these provisions confer upon the city without limitation the power to regulate, restrain, suppress or prohibit the sale of intoxicants; that it has power to provide when, where and to whom and under what circumstances or conditions, intoxicating liquors can be sold, or prohibit such sales altogether; that it can permit the sale of liquors in less quantities than one gallon without license, and can prescribe the conditions upon which licenses granted by it shall be forfeited, and that these powers are exclusively vested in the city.   The authority to license, regulate and control the sale and traffic in spirituous and intoxicating liquors is vested in the state as part of its police system, and is exercised through the legislature.   It is competent for that body in its discretion to annex any conditions to the granting of licenses which it may deem proper, and

to prescribe causes of forfeiture. The granting of such licenses may be regulated by a general law, or it is competent for the legislature to delegate to municipal corporations the exclusive power to grant licenses for the sale of intoxicating liquors within their. limits; but such licenses when issued either under the general law or by the municipal corporation, are subject to be forfeited for any of the causes prescribed by the legislature, unless it is otherwise clearly provided in the municipal charter or by some statute of the state. They have neither the qualities of a contract nor of property, but are mere temporary permits to do what otherwise would be an offense against either a general law or some municipal ordinance. , They are issued in exercise of the police powers of the state, and are subject to the control of the legislature, which may by appropriate legislation modify, revoke or continue them, as it may deem proper. (Tiedman Police Powers, 287; *Metropolitan Board of Excise* v. *Barrie*, 34 N. Y. 657; *People* v. *Meyers*, 95 N. Y. 223; *Hurber* v. *Baugh*, 43 Iowa, 514.)

The city of Pendleton under its charter and the laws of the state has the exclusive authority to grant licenses for the sale of intoxicating liquors within its limits. The state has delegated to it the power to prescribe the terms upon which such licenses shall issue, but when granted they are held subject to be forfeited for the violation of the law prohibiting the sale to minors. Such a license is a permission, issued by authority of the legislature to sell intoxicating liquors on condition that the licensee shall not violate the law by selling to ,minors, and if he violate that condition it operates under the statute to revoke or forfeit the license. This is the effect of the statute when in judicial proceedings the party charged with the crime of selling liquors to a minor is convicted and the fact is judicially established that the terms or conditions on which the license was permitted or allowed have been violated. That the provisions of section 1913 operate within the limits of municipal corporations and upon their inhab-

itants the same as elsewhere, has already been held by this court. (*State* v. *Dupuis*, 18 Or. 372.) It must necessarily follow that the penalty provided by this section for a violation of its provisions is also applicable to a crime committed within the limits of a municipality unless otherwise provided by law.

It follows therefore that the cause must be remanded to the court below with directions to enter an order declaring the license of defendant forfeited.