Submitted on briefs without argument April 14, affirmed April 20, 1915.

## STATE *v.* BOYSEN.

(147 Pac. 927.)

**Witnesses—Competency—Grand Juror.**
1. Section 1427, L. O. L., declares that a grand juror cannot be questioned for anything he may say or any vote he may give while acting as such, except for a perjury of which he may have been guilty, while Section 1431 prohibits the disclosure of facts by a grand juror. *Held*, that, in a criminal prosecution, it was not error to permit a grand juror to testify that accused was examined before the grand jury.

[As to grand jurors as witnesses, see note in 12 Am. St. Rep. 915.]

**Intoxicating Liquors—Offenses—Statutes—Constitution.**
2. The home rule amendment of 1906 to Section 2, Article XI, of the Constitution, whereby municipalities were authorized to prepare their own charters subject to the Constitution and criminal laws of the state, did not abrogate Section 2142, L. O. L., providing that one who sells liquor to a minor shall, upon conviction, forfeit his license, so as to permit a city to authorize a violation of that law.

From Clackamas: JAMES U. CAMPBELL, Judge.

The defendant, Fritz Boysen, was indicted, tried and convicted of illegally selling intoxicating liquor to a minor, and from the sentence imposed he appeals.

Submitted on briefs without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).                                      AFFIRMED.

For appellant there was a brief over the names of *Mr. George C. Brownell* and *Mr. John F. Logan.*

For the State there was a brief submitted by *Mr. Gilbert L. Hedges,* District Attorney.

In Banc.    MR. JUSTICE EAKIN delivered the opinion of the court.

The defendant, at the time herein mentioned, held a license for the sale of intoxicating liquors in Milwaukee, Clackamas County, Oregon, an incorporated city. He was indicted for giving and selling liquor to a minor in violation of the statute.    He was tried and convicted of the charge and adjudged to pay a fine of $150; and in default thereof he was to be confined in the county jail for the period of 75 days and his license forfeited.

1. Only two errors are assigned.    The first was against the state's being permitted to call as a witness the foreman of the grand jury that found the indictment.    The only evidence given by the witness was to the effect that the prosecuting witness was before the grand jury, and that the grand jury brought in a true bill against the defendant; but this testimony included no facts affecting the case.    Defendant's contention is that it was an attempt to bolster up the testimony of a prosecuting witness, but there is nothing prejudicial or in violation of the statute contained in the evidence

76 Or.—4

given by the witness. The only statutory injunction against the calling of a grand juror as a witness is Section 1427, L. O. L., to the effect that he cannot be questioned for anything he may say or do while acting as such, except for a perjury, etc. No grand juror may disclose any fact concerning such indictment which is not subject to public inspection: Section 1431, L. O. L. But it is not plain that the indictment was not subject to public inspection at the time the witness was called. Section 1427 is for the protection of grand jurors, and Section 1431 is for that of the court; and there is nothing contained in the evidence given by the witness that is in violation of either of these sections

2. The second assignment is that the court erred in attempting to forfeit the license of the defendant. In rendering judgment against the defendant, the court forfeited his license under Section 2142, L. O. L., which provides:

"If any person shall sell, give, or cause to be sold or given, any intoxicating liquor to any minor in this state * * upon conviction thereof shall be punished by a fine of not less than $50 nor more than $300, * * and shall also forfeit any license such person may have to sell spirituous or intoxicating liquors in less quantities than one gallon."

It is not optional with the city to authorize a violation of this statute. This was expressly held in *State v. Horton,* 21 Or. 83 (27 Pac. 165). Defendant urges that the home rule amendment of Article XI, Section 2 of the Constitution repeals or nullifies Section 2142, L. O. L.; that by this amendment the City of Milwaukee was given exclusive power to license the defendant to sell liquor; and that this is in accordance with *Kalich v. Knapp,* 73 Or. 558 (142 Pac. 594). The power given by that amendment of the Constitution is limited by the

requirement that it shall be subject to the Constitution and criminal laws of the state, even though it reads, ''The voters of every city and town are hereby granted exclusive power to license,'' etc.   The amendment of 1906 is held to be subject to the exception of Article XI, Section 2, which controls in cities where it is made applicable: *Baxter* v. *State,* 49 Or. 353 (88 Pac. 677, 89 Pac. 369).   In *State* v. *Schluer,* 59 Or. 18 (115 Pac. 1057), this very amendment of the Constitution was under consideration, and the court held that *Baxter* v. *State* was *stare decisis* as to this question; and *Kalich* v. *Knapp,* 73 Or. 558 (142 Pac. 594), is not to the contrary.

The judgment is affirmed.          AFFIRMED.