Argued May 27, affirmed June 22, rehearing denied July 27, 1915.

# STATE *v.* O'DONNELL.*

### (149 Pac. 536.)

Criminal Law—Trial—Misconduct of Prosecutor—Questions.

1. An assignment of error, charging an attempt by the district attorney, to insinuate by his questions that the defendant was a hardened criminal, which was supported by 29 questions asked by him during the trial, 20 of which were not objected to at the time, and practically all of them were competent, and the remaining 9 of which were objected to and the objections sustained, does not show reversible error.

[As to misconduct of attorney at trial and its effect, see note in 100 Am. St. Rep. 690.]

Intoxicating Liquors—Offenses.

2. The home rule amendment (Article XI, Section 2), giving to a city exclusive control of the sale of intoxicating liquors within its corporate limits, subject to the Constitution and criminal laws of the state, does not prevent a prosecution for the violation, within the city of Section 2129, L. O. L., as amended by Laws of 1913, Chapter 74, prohibiting the sale of intoxicating liquor on Sunday.

Intoxicating Liquors—Offenses—Statute—Sale on Sunday.

3. In Section 2129, L. O. L., as amended by Laws of 1913, Chapter 74, providing that no person shall keep open on Sunday a house or room in which intoxicating liquor is kept for sale, nor shall such person sell intoxicating liquor on that day, the words "such person" refer to the first two words, and the statute is not limited to sales by persons who keep a house or room for the sale of intoxicating liquor.

Intoxicating Liquors—Offenses—Sale on Sunday—Evidence.

4. In a prosecution under Section 2129, L. O. L., as amended by Laws of 1913, Chapter 74, prohibiting the sale of liquor on Sunday, evidence as to who kept the place in which the sale was made is immaterial.

Witnesses—Impeachment—Accused as Witness—Character.

5. A defendant, who testifies in her own behalf, can be impeached under the statute by testimony in respect to her moral character the same as any other witness.

[As to impeachment of witness by proving want of chastity, see note in 53 Am. St. Rep. 479.]

Grand Jury—Proceedings—Disclosure—Statements by Defendant.

6. Section 1427, L. O. L. giving the grand jurors immunity from being questioned as to what took place in their room, and Section 1431, prohibiting the disclosure of any fact concerning the indictment while it is not subject to public inspection, which are the only provisions for

---

*As to prosecution under general liquor law for sale in local option territory, see note in 3 **L. R. A.** (**N. S.**) 620.        <span style="float:right">Reporter.</span>

the secrecy of grand jury proceedings, do not prevent the prosecuting attorney from testifying at the trial as to statements made by defendant in the grand jury room.

**Criminal Law—Appeal—Harmless Error—Irrelevant Answer to Question.**

7. Where the prosecuting attorney testified to admissions by accused, an answer by him to a question on cross-examination, intended to cast insinuations on him, which was not a direct answer, but was pertinent to the subject and no more prejudicial than the question itself, does not require a reversal.

**Criminal Law—New Trial—Grounds—Impeachment of Witness.**

8. It was not error to deny a motion for a new trial based on misconduct of the district attorney, which was not in the record, and was not excepted to, and which motion was merely an attempt to impeach the witnesses on particular facts testified to by them.

From Coos: JOHN S. COKE, Judge.

Department 2.  Statement by MR. JUSTICE EAKIN.

The defendant, Fannie O'Donnell, was indicted for selling and disposing of intoxicating liquor on Sunday in violation of Section 2129, L. O. L., as amended by Laws of 1913, Chapter 74. The material portion of the statute as amended provides that:

"No person shall keep open on the first day of the week, commonly called Sunday, any house or room in which intoxicating liquor is kept for sale, nor shall such person sell, give or otherwise dispose of any intoxicating liquors on that day."

Having entered a plea of not guilty, the defendant was tried before a jury and convicted. The defendant appeals to this court.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. Hoy & Miller,* with an oral argument by *Mr. Harry G. Hoy.*

For the State there was a brief over the names of *Mr. George M. Brown* and *Mr. Lawrence A. Liljeqvist,*

District Attorney, with an oral argument by *Mr. Brown.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The first assignment of error is based upon the claim that the district attorney during the examination of witnesses attempted, by insinuation, to convey to the jury the impression that the defendant was a hardened criminal and a dissolute person, and an aggregate of 29 questions scattered through the transcript have been collected and printed in the brief to illustrate the contention of defendant. Twenty of the 29 questions complained of were asked and answered without any objection at all, and it is proper to add that practically all of these 20 questions were competent, and that some of them were made competent by questions asked by counsel for defendant. The remaining 9 questions were objected to, and the objections sustained by the court.

2. The second assignment of error relates to the overruling of an objection of the defendant to evidence tending to show that the sale was within the corporate limits of the City of Empire, the objection being grounded upon the home rule amendment of Section 2 of Article XI of the Constitution as giving to the city exclusive control of all violations of the liquor law. That clause in said amendment has been construed and applied in many cases. It provides within itself that the city shall have exclusive control of the sale of liquors within its corporate limits, subject to the Constitution and criminal laws of the State of Oregon. That clause in the amendment of the Constitution has been frequently held to limit the power

of the city to license and regulate the sale of liquor to cases which are not violative of the state Constitution or criminal laws of the state.    Section 2129, *supra,* has been a criminal law of the state ever since this commonwealth was admitted to statehood, and the city has no power to ignore it.    The legal question involved in this assignment of error is settled and decided in *State* v. *Boysen,* 76 Or. 48 (147 Pac. 927).

3. The defendant insists that the words "nor shall such person sell" have reference only to a person who keeps a house or room in which intoxicating liquor is kept for sale.    It is plain, however, that "nor shall such person" relates and refers to "no person," the first two words of the statute.

4. Defendant excepted to the ruling of the court excluding evidence on her behalf going to the question of who was conducting the house or place wherein it was claimed the sale of liquor took place.    The statute makes any one liable to the penalties therein imposed who sells or gives away such liquors, and it was not important to know who was running the house except as a scheme to involve others who were violating the law.

5. The defendant excepted to the ruling of the court permitting the introduction of testimony in respect to defendant's moral character.    This is one of the statutory methods of impeachment of a witness, and we find no ruling thereon that violated her rights in regard thereto: See *Leverich* v. *Frank,* 6 Or. 212, 213.

6. Error is assigned upon the ruling of the court allowing the district attorney to testify concerning statements made by the defendant in the grand jury room, but we find that the district attorney violated no rule of secrecy in such matters.    Sections 1427, 1431, L. O. L., are the only limitations or injunctions as to secrecy in such matters.    Section 1427 relates to the

protection of grand jurors, that they cannot be questioned in regard to what took place there or the part they had in it, and Section 1431 prohibits the disclosure of any fact concerning an indictment while it is not subject to public inspection: *State* v. *Boysen,* 76 Or. 48 (147 Pac. 927). We discover no violation of either of these statutes by the district attorney.

7. Exception is taken to the ruling of the court refusing to strike out an answer of said district attorney to the question of defendant's attorney as follows:

"You claimed, did you not, that some witness—some dissolute witness you had before the grand jury— represented to you and to the grand jury that Mrs. O'Donnell has said you were the father of her little girl, didn't you?"

There seems to have been an effort during the trial of this case to cast insinuations upon the district attorney in order to prejudice the jury against him. Such attempt had no relation to any matter at issue, and was only intended to work upon the feelings of the district attorney or the trial jury. The answer may not have been a direct one to the question asked, but it certainly was pertinent to the subject suggested by the question, and was no more prejudicial to the defendant than the question itself and is not ground for reversal.

8. Error is assigned in the ruling of the court in denying the request for an instructed verdict. Every question involved in that motion is disposed of on this appeal, nor do we find that the court erred in denying defendant's motion for a new trial. This is based principally upon the irregularity of the proceedings of the district attorney, which are not in the record and were not subjects of special exception or objection. It is an effort to retry certain questions upon evidence particularly applicable thereto, but it is not newly dis-

covered evidence, nor is it the result of surprise.    It is an attempt to impeach witnesses on particular facts testified to, and is not ground for a new trial.

The judgment is affirmed.

AFFIRMED.    REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.