Submitted on brief of appellant and argued by respondent May 9, reversed July 31, 1928.

R. A. MILLER *v.* P. J. HANSEN, CHIEF OF POLICE.

(269 Pac. 864.)

For appellant there was a brief over the name of *Mr. C. S. Benson.*

For respondent there was a brief and oral argument by *Mr. Bernard Ramsey.*

ROSSMAN, J.— It is well settled in this state that a single act may constitute an offense against ˏthe city and a crime against the state. For a recent case which enunciates this principle and collects our previous decisions, see *Harlew* v. *Clow,* 110 Or. 257 (223 Pac. 541). The history of the manner in which the liquor traffic has been regulated and suppressed in this state easily persuades one that intoxicating liquor has a peculiar potentiality to offend against both the state and the city. Two of our earlier cases recognize that liquor may offend in this dual manner: *State* v. *O'Donnell,* 77 Or. 116 (149 Pac. 536); *Mayhew* v. *City of Eugene,* 56 Or. 102 (104 Pac. 727, Ann. Cas. 1912C, 33). The Washington court recently had before it the same problem that now confronts us. In *State* v. *Tucker,* 137 Wash. 162 (242 Pac. 363), Mr. Justice MACKINTOSH, after an extensive review of the authorities arrived at the conclusion that the plea of *autrefois acquit* was not available to the defendant. ·The Bend City ordinance is not hostile to the statute; in fact it is largely a duplication of those portions of the statute which are appropriate to the City of Bend. The validity of the ordinance cannot be questioned (Artitcle XI, Section 2, Or. Const.); the constitutionality of the statute has been recognized in the several cases which have been before us since the prohibition

statute was enacted. But, it may be argued, that since Section 2224—57, Or. L., provides that "Justices of the Peace, District Courts, County Courts and other Courts having jurisdiction as Justices of the Peace, shall have concurrent jurisdiction with the Circuit Courts, of all prosecutions for violations of the provisions" of the state Prohibition Act, the city was foreclosed from further prosecution of the defendant when the state exacted its penalty.

In *State* v. *Smith,* 101 Or. 127 (199 Pac. 194, 16 A. L. R. 1220), this court held that the following words used in the Eighteenth Amendment to the federal Constitution, "The Congress, and the several states shall have concurrent power to enforce this article by appropriate legislation," deprived this state of authority to penalize under the Oregon Prohibition Act after the national government had already exacted a penalty for the same crime. But the authority of this decision has been seriously weakened since the federal Supreme Court rendered its decision in *United States* v. *Lanza,* 260 U. S. 377 (67 L. Ed. 314, 43 Sup. Ct. Rep. 141), written by Mr. Chief Justice TAFT. But, apart from this, we do not believe that Section 2224—57, which grants jurisdiction to the Justice of the Peace, District and County Courts concurrently with the Circuit Court over the enforcement of the prohibition statute, was intended to include a Municipal Court, which possessed no Justice of the Peace authority. Such authority is not granted by the Bend charter to the Recorder's Court; the latter court is purely a city court, with no jurisdiction to try state cases. Hence since the city had the authority to enact a city prohibition ordinance, and did so, a prosecution of an offender by

the state did not deprive the city of authority to prosecute the same individual if his illegal act was also prohibited by the ordinance.

It follows from the foregoing that the judgment of the Circuit Court must be reversed.     REVERSED.