Argued at Pendleton, October 29; affirmed December 17, 1929

JESSE CLAYPOOL *v.* C. L. McCAULEY ET AL.

(283 Pac. 751)

For appellant there was a brief over the name of *Mr. A. J. Moore* with an oral argument by *Mr. N. G. Wallace*.

For respondent there was a brief and oral argument by *Mr. Ross Farnham*, District Attorney.

BELT, J. Plaintiff appeals from an order dismissing a writ of habeas corpus. It appears from the return and the replication thereto that the plaintiff was convicted in the municipal court of the city of Bend of having intoxicating liquor in his possession in violation of an ordinance. Sentence was imposed and, while the case was pending on appeal from the judgment of conviction, the plaintiff, on the same state of facts, was charged in the same court with having violated the state prohibition law. In the first case the city of Bend was plaintiff and in the latter one the state of Oregon. In the state case the complaint was subscribed and sworn to before G. C. Morgan, "municipal judge and ex-officio justice of the peace for the city." This same municipal judge presided in the case wherein violation of the city ordinance was involved. After being remanded to the custody of the sheriff on the state charge the plaintiff petitioned for the issuance of the writ of habeas corpus.

In support of the writ plaintiff makes three principal contentions, (1) that the municipal judge of the city of Bend is not vested with the authority and jurisdiction of a justice of the peace; (2) that plaintiff has twice been put in jeopardy for the same offense; and (3) that the statute providing the penalty for violation of the prohibition law is unconstitutional in that there is no limitation as to the fine which could be imposed for the first offense against such law.

■ ■ The city of Bend was incorporated in 1904 by virtue of the general incorporation act enacted by the legislature in 1893. Section 27 of the act (G. L. O. 1893, p. 130) codified as § 3717, O. L., provides:

"The recorder shall have jurisdiction over the violations of city ordinances * * * and within the city shall have jurisdiction and powers like a justice of the peace, and the law governing justices of the peace shall apply as far as applicable to all his proceedings; * * *."

It is thus apparent that the legislature intended to vest the judicial officer of a municipality with the power and jurisdiction of justices of the peace, in order better to administer criminal law: *Clemmensen v. Peterson,* 35 Or. 47 (56 P. 1015). It will be observed that the recorder, sitting as ex-officio justice of the peace, has, under the statute, jurisdiction only of crimes committed within the city, as in the instant case. This legislative policy has never been changed, and since the statute is applicable to all municipalities it becomes a part of their organic law. It is as much a part of a municipal charter as if it were therein specifically written.

In 1911, the people of the city of Bend, by virtue of the home rule provision of the constitution of this state passed in 1910 (Art. XI, § 2), amended their municipal charter but made no provision that a municipal judge should have ex-officio powers as a justice of the peace, although section 2 of the charter provided that the proceedings in the recorder's court were to be "governed and regulated by the general laws of the state governing justices of the peace and justice's court, so far as the same may be applicable * * *."

In 1928, the people again amended the charter of the city of Bend and, in section 1 thereof, provided that what had heretofore been designated as the "recorder's court" was to be known as the "municipal court" and that the municipal judge was the judicial officer. In section 2 a municipal judge was given jurisdiction "of all offenses defined and made punishable by any ordinance of the city * * * and he shall likewise have within the city of Bend the jurisdiction and authority of a justice of the peace and committing magistrate and shall be subject to all the laws of the state prescribing the duties of a justice of the peace, * * *." It was further provided that when the municipal judge was acting as justice of the peace "the right of trial by jury shall be as in the justice's court, * * *." This charter amendment of 1928 did not transgress against the sovereignty of the state but was merely a declaration of authority which in fact already existed by virtue of § 3717, O. L. It in no way violated the spirit of *Coleman v. La Grande,* 73 Or. 521 (144 P. 468), and kindred cases.

We are not unmindful that what has been said with reference to the charter of the city of Bend can not be reconciled with what this court has said, speaking through Mr. Justice Rossman, in *Miller v. Hansen,* 126 Or. 297 (269 P. 864). In that case a writ of habeas corpus was issued which presented the question as to whether the petitioner had twice been put in jeopardy when he was prosecuted on two charges arising out of the same act, one for the violation of a city ordinance relative to the possession of intoxicating liquor and the other for a violation of the state law upon that subject. The court properly held that they were separate and distinct offenses, namely, a crime against

the city and a crime against the state, citing in support thereof: *Harlow v. Clow,* 110 Or. 257 (223 P. 541); *State v. O'Donnell,* 77 Or. 116 (149 P. 536); *Mayhew v. City of Eugene,* 56 Or. 102 (104 P. 727).

■ The statement that the recorder's court "is purely a city court, with no jurisdiction to try state cases" was unnecessary to a decision of the case and was in direct conflict with what this court formerly held in *In Re Application of Boalt,* 123 Or. 1 (260 P. 1004). In the Miller case the court had under consideration the charter of the city of Bend as amended in 1911, but apparently did not have its attention directed to the force and effect of § 3717, O. L. Moreover, a plea of former jeopardy is not appropriate in a habeas corpus proceeding since it is a plea recognized by statute and could, if improperly denied, be reviewed on appeal: *Ex parte Tice,* 32 Or. 179 (49 P. 1038); 12 R. C. L. 1206; 29 C. J. 45. What was said in *Miller v. Hansen,* supra, with reference to the municipal court not having jurisdiction to try state cases with the same authority as a justice of the peace may be considered as overruled.

■ Assuming that the plea of former jeopardy may be appropriately reviewed in this proceeding, it is not involved here for the simple reason that the offenses are separate and distinct: *Miller v. Hansen,* supra.

■ It is finally urged that the statute fixing the penalty for a first violation of the prohibition law is unconstitutional in that the punishment prescribed is "by a fine of not *less* than $500, or by imprisonment in the county jail not more than six months, or by both such fine and imprisonment in the discretion of the court." For a second violation of the act, the statute provides that the punishment be "by a fine of not less

than $100 or more than $500 and by imprisonment in the county jail not less than 30 days nor more than one year." It is absurd to say that the legislature intended a greater fine could be imposed for a first violation than for a second violation of the act. In view of the context of the act it is clear that the legislature inadvertently used the word "less" whereas the word "more" was proper. In *Mansfield v. Hill*, 56 Or. 400 (107 P. 471, 108 P. 1007), which involved the construction of a statute relative to homestead exemption, this court, in order to give effect to the clear intent of the legislature, substituted the word "exemption" for the word "death". For like reason in the instant case we substitute the word "more" for the word "less." Also see Lewis' Sutherland Statutory Construction, § 383.

It follows that the order of the court dismissing the writ is affirmed.                    AFFIRMED.

CoSHOW, C. J., concurs in the result.