## UNITED STATES v. FARWELL.
### Cr. No. 2096.

District Court, Alaska, Third Div. Anchorage.

Feb. 28, 1948.

Raymond E. Plummer, U. S. Atty., and Ralph E. Moody, Asst. U. S. Atty., both of Anchorage, Alaska, for plaintiff.

Carl Hutton, of Anchorage, Alaska, for defendant.

DIMOND, District Judge.

The defendant was held to answer to the grand jury for violation of Chapter 70 of the Session Laws of Alaska 1947, "an act to forbid persons convicted of a felony from carrying concealed weapons and providing for penalties therefor." The relevant provisions of the Act are as follows: "No person who has been convicted of a felony involving assault, and battery, assault with a dangerous weapon, burglary, robbery and like crimes, under the laws of the United States, of the

Territory of Alaska, or any State of the United States, or any other government or country shall own or have in his possession or under his custody or control any pistol, revolver or other firearm capable of being concealed upon the person."

Having indicated to the prosecuting authorities that he desired to waive his right to have the charge against him presented to the grand jury, the defendant was brought into the court and, upon his request, counsel was assigned to represent him. Some days later the defendant appeared in court with his counsel, announced that he wished to waive indictment and signed a waiver to that effect which was also signed by his counsel. On the same day an information was filed by an Assistant United States Attorney alleging that the defendant on or about November 14, 1947, at Anchorage, Alaska, having theretofore, on March 6, 1940 been convicted under the laws of the State of Oregon of a felony, to wit, assault with intent to rob, did have in his possession and under his custody and control a 45 caliber Colt automatic pistol, the same being a firearm capable of being concealed on his person.

After arraignment on the charge mentioned, the defendant by his counsel filed a motion to dismiss the information and in support thereof showed: That on November 17, 1947, he had been convicted in the court of the municipal magistrate of Anchorage, Alaska, of the crime of carrying a concealed weapon, in violation of Ordinance 61, Section 12 of the Ordinances of that city which makes the carrying of a concealed weapon within the city an offense and prescribes punishment therefor by maximum jail sentence of 30 days and maximum fine of $100; that upon such conviction the defendant was actually sentenced by the municipal magistrate to serve fifteen days in jail and to pay a fine of $100; that he served the jail sentence and paid his fine and thereupon was discharged, only to be arrested by the Federal authorities on the charge set out in the information. The defendant asserted that the offense of which he was convicted in the municipal magistrate's court is the identical offense, except as to former conviction of a felony in the State of Oregon, with which he is charged in this court, and therefore further prosecution against him is barred under the applicable provisions of the Fifth Amendment to the Constitution: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

After argument, the motion to dismiss was denied without prejudice to the right of the defendant to interpose the same defense upon the trial of the action, whereupon the defendant entered a plea of not guilty and the cause came on for trial. Upon the trial the defendant offered in evidence a certified copy of the judgment which was given against him in the municipal magistrate's court as well as a certified copy of the provisions of the ordinance under which he was convicted. In order to fully protect the rights of the defendant in the event of conviction and an ensuing appeal, all evidence offered by the defendant on the subject, including the certified copies of judgment and ordinance, was admitted. At the close of the trial the Court directed the jury to disregard the testimony and evidence given during the trial concerning the former conviction of the defendant in the municipal magistrate's court. The jury returned a verdict of guilty as charged. The case is now before the Court upon motion for new trial and again it is vigorously urged upon the Court that the verdict should be set aside and the case dismissed because of the former conviction of the defendant for what is alleged to be the same offense, for carrying a concealed weapon, in the court of the municipal magistrate of the City of Anchorage.

The defendant testified at the trial and stated that he owned and had possession of the pistol in question at the time of his arrest by the city police, and that he is the identical person who, under the same name, had been convicted in the State of Oregon on the 6th day of March, 1940, of the crime of assault with intent to rob, a felony under the laws of Oregon and those of Alaska; that he had purchased the pistol on the morning of the day of his arrest and carried it with him on one occasion only, that being the oc-

casion on which he was arrested, when he took the pistol to a cocktail bar in Anchorage in order to exhibit it to a possible purhaser.

■ No contravening proof was offered by the government, so it appears that on November 14, 1947, the defendant was in possession of a pistol and at the time of his arrest was carrying it concealed upon his person. It follows, of course, that the weapon was a "firearm capable of being concealed upon the person" the carrying of which by one theretofore convicted of a felony is made a felony itself by the provisions of Chapter 70 of the Session Laws of 1947.

■ Accordingly the issue is virtually one of law to be decided upon substantially uncontradicted fact, and the verdict of the jury, in view of all of the evidence, is completely justified and new trial should not be granted unless by this prosecution in this court the defendant is being put twice in jeopardy for the same offense in contravention of the Fifth Amendment, or of the laws of Alaska.

Of relevancy in this connection are the provisions of Title II, Section 107 of the Act of March 3, 1899, 30 Stat. 1296, a part of the Code of Criminal Procedure for Alaska, which reads as follows: "That when the defendant shall have been convicted or acquitted upon the indictment for a crime consisting of different degrees, such conviction or acquittal is a bar to another indictment for the crime charged in the former, or for any inferior degree of that crime, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment, as provided in Sections one hundred forty six and one hundred forty seven of this Title."

Section 146, to which reference is made in Section 107 quoted above, provides that when two or more persons are charged in the same indictment and the Court is of the opinion that in regard to a particular defendant there is not sufficient evidence to put him on his defense it must, if requested by another defendant then on trial, order him to be discharged from the indictment, before the evidence is closed, that he may be a witness for his co-defendant. Section 147 requires that the order authorized in Section 146, when made, must state the reasons for making it, and it is an acquittal of the defendant discharged, and a bar to another prosecution for the same crime.

Section 107 of Title II of the Act of March 3, 1899, above quoted, stands unchanged in our law. It now appears as Section 5286, Compiled Laws of Alaska 1933.

Section 143 of the same Act and Title states that when it appears the defendant has committed a crime, and there is reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the lowest of those degrees only. That section is now embraced verbatim in Section 5342, Compiled Laws of Alaska 1933.

■ That the provisions of the Fifth Amendment barring double jeopardy for the same offense, despite the reference therein to "life or limb," are not limited to felonies has been established by the highest judicial authority of the nation, Ex Parte Lange, 18 Wall. 163, 169, 85 U.S. 163, 169, 21 L.Ed. 872, from which the following is quoted: "Hence to every indictment or information charging a party with a known and defined crime or misdemeanor, whether at the common law or by statute, a plea of autrefois acquit or autrefois convict is a good defence."

■ The same court has held that an act denounced as a crime by both national and state sovereignties may be punished by each without overriding the Fifth Amendment, Moore v. People of State of Illinois, 14 How. 13, 19, 20, 55 U.S. 13, 19, 20, 14 L.Ed. 306; United States v. Lanza, 260 U.S. 377, 43 S.Ct. 141, 67 L. Ed. 314.

The scope of the Fifth Amendment with relation to prosecutions by the United States is outlined in a case arising in the Philippine Islands wherein the acquittal of a soldier by court martial of the crime of homicide under the provisions of one of the Articles of War was held to bar prosecution for assassination under the

Criminal Code of the Philippines, because both the Articles of War and the Criminal Code owed their existence to the sovereign authority of the United States, Grafton v. United States, 206 U.S. 333, 354, 355, 27 S.Ct. 749, 51 L.Ed. 1084, 11 Ann. Cas. 640. It is evident that the laws of the Philippines at that time were in essence laws of the United States, Act of July 1, 1902, 32 Stat. 691; Kepner v. United States, 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114, 1 Ann.Cas. 655.

The Constitution of virtually every state in the Union embraces a provision against double jeopardy identical in substance, if not in textual language, with that found in the Fifth Amendment. The usual provision is that no person shall "be twice put in jeopardy for the same offense," Art. 1, § 9, Const. State of Washington. On the general question as to what is the "same offense" under state constitutional provisions, several opinions of the District Courts of Appeal and of the Supreme Court of California, considered together, are at once analytical and illuminating, Ex Parte O'Connor, 2d Dist., 1927, 80 Cal.App. 647, 252 P. 730, 732; People v. Kerrick, 1904, 144 Cal. 46, 77 P. 711, 712; People v. Coltrin, Cal.App., 4th Dist., 1935, 48 P.2d 973; Id., 5 Cal.2d 649, 55 P.2d 1161, 1167; People v. Herbert, 1936, 6 Cal.2d 541, 58 P.2d 909, holding that conviction of reckless driving does not bar prosecution for manslaughter, both based on the same circumstances; People v. Krupa, 1st Dist., 1944, 64 Cal. App.2d 592, 149 P.2d 416, 417; and People v. McFarlan, 4th Dist., 1932, 126 Cal. App. 777, 14 P.2d 1066, wherein it was held that conviction in city police court for carrying a pistol without license was no bar to subsequent conviction in state court for carrying the same weapon after having been convicted of felony.

But the case at bar involves an element not appearing in any so far cited, except the last. The present plea is based upon a trial and conviction in the court of a city magistrate for violation of a municipal ordinance. In each of a substantial number of cases decided in state courts where that circumstance appears—

that is to say where the former conviction or acquittal occurred in a municipal court on charge of violation of the ordinance of a city, and that conviction or acquittal was pleaded in bar of a prosecution of the offender under a state statute for substantially the same offense—those courts, in the greater number of the states, have given the answer that the plea of autrefois convict or acquit has no validity. A notable example of the cases so holding is that of State v. Tucker, 1926, 137 Wash. 162, 242 P. 363, 246 P. 758, wherein are cited cases from 23 states announcing the same doctrine, as well as several cases in which the opposite conclusion was arrived at.

The Civil and Criminal Codes of Alaska, as well as the Codes of Civil and Criminal Procedure are founded largely upon those of the State of Oregon. Hence the decisions of the Supreme Court of that state construing the laws of Oregon which were adopted verbatim for Alaska are deserving of great respect, and, as regards those decisions given before enactment of our codes, of controlling authority. It is of interest to know that Oregon has steadfastly followed the prevailing rule in holding that acquittal or conviction of violation of a municipal ordinance does not bar prosecution by the state for the same act despite Article I, Section 12, of the Constitution of that state which provides that "No one shall be put in jeopardy twice for the same offense." Miller v. Hansen, 1928, 126 Or. 297, 269 P. 864; Claypool v. McCauley, 1929, 131 Or. 371, 283 P. 751; Harlow v. Clow, 1924, 110 Or. 257, 223 P. 541, citing a number of earlier cases, including State v. Sly, 1872, 4 Or. 277, wherein it was held that conviction of "fighting in the street" in violation of a municipal ordinance was no bar to prosecution for assault and battery committed in such fighting in contravention of state law, and State v. Bergman, 1877, 6 Or. 341, holding that the same act might be punished under both city ordinance and state law. These two cases, State v. Sly and State v. Bergman, are deserving of particular note because they were decided before Congress

enacted our Codes, basing the same on the laws of Oregon. Section 107 of Title II of the Act of March 3, 1899, above quoted is a verbatim copy of the laws of Oregon, Section 1339, Hill's Annotated Laws of Oregon; compare 3 Oregon Compiled Laws Annotated, 26-849; and Sections 146 and 147 of Title II of the Act of March 3, 1899, referred to in Section 107, are in like manner identical with Sections 1362 and 1363 of Hill's Annotated Laws of Oregon.

In 1852, while Oregon was still a territory, as is Alaska now, a somewhat similar question came before the courts of that territory. The territorial legislature had enacted a law denouncing as a crime the sale of liquor to Indians although the Federal statutes made the same act an offense against the United States. It was held that the accused person could be rightly convicted under the territorial act and also be prosecuted and convicted under the Federal law, Territory of Oregon v. Coleman, 1 Or. 191, 75 Am.Dec. 554.

■ Although Alaska is not a state it is an organized and incorporated territory, Rassmussen v. United States, 197 U.S. 516, 25 S.Ct. 514, 49 L.Ed. 862, and its status is thus distinguished from that of possessions of the United States such as Puerto Rico, and, formerly, the Philippines, Downes v. Bidwell, 182 U.S. 244, 21 S.Ct. 770, 45 L.Ed. 1088; Dorr v. United States, 195 U.S. 138, 24 S.Ct. 808, 49 L.Ed. 128, 1 Ann.Cas. 697.

The cities of Alaska were organized under the Acts of June 6, 1900, 31 Stat. 520, and of April 28, 1904, 33 Stat. 529; when a Territorial Legislature of Alaska was created, Act of August 24, 1912, 37 Stat. 512, 48 U.S.C.A. §§ 21–24, 45, 67–90, 144, 145, under authority of laws enacted by that Legislature, Chapter 97 of the Session Laws of Alaska 1923, as amended, Section 2371 et seq., Compiled Laws of Alaska 1933.

■ While Mr. Justice Grier in Moore v. People of State of Illinois, supra, 14 How. at page 20, 14 L.Ed. 306, referred to both states and territories as "sovereigns", nothing in that case involved the status of a territory. But whatever that status may be, it seems clear that at the present time the relation of the cities of Alaska to the Territory of Alaska is a precise counterpart of the relation of the cities of any state to the state in which they are embraced. Hence, the authority of the opinions and decisions above cited or referred to given by the highest courts of the several states to the effect that conviction for violation of a city ordinance does not bar prosecution for the same act, or a variant thereof, in the state court, are of high authority.

■ Moreover, it must be remembered that the offenses denounced by the ordinances of cities of Alaska are uniformly of a petty nature. The Legislature has provided that the maximum punishment which may be imposed for violation of any penal provision of a city ordinance is a fine of $100 or imprisonment in the municipal jail for 30 days, or both such fine and imprisonment. Those offenses are of such small consequence that no provision has ever been made for trial by jury in the municipal court, despite the trial by jury requirement of the Sixth Amendment. At an early day the Supreme Court of Oregon held that no Constitutional right was taken away in such denial, Wong v. Astoria, 1886, 13 Or. 538, 11 P. 295.

■ Counsel for defendant also suggests that the crime committed by defendant in the State of Oregon may not be availed of in any prosecution under Chapter 70 of the Session Laws of Alaska 1947, because of the Statute of Limitations. The Act of 1947 is one example of that type of criminal legislation called habitual criminal laws. The Constitutional validity of such acts generally has been well established. The several state acts on the subject differ materially not only in structure but in scope. There is nothing in Chapter 70 which forbids consideration of the defendant's crime committed in Oregon in 1940, if Chapter 70 is otherwise valid. State v. Smith, 1929, 128 Or. 515, 273 P. 323; Elwood v. Smith, 9 Cir., 1947, 164 F.2d 449.

The defendant's motions for judgment of acquittal and for new trial are denied.