John H. BARNETT, Petitioner,

v.

C. T. GLADDEN, Warden of Oregon State Penitentiary, Respondent.

Civ. No. 65–156.

United States District Court
D. Oregon.

April 8, 1966.

See also D.C., 246 F.Supp. 250.

Ralph W. G. Wyckoff, Salem, Or., for petitioner.

Wayne N. Thompson, Asst. Atty. Gen., Department of Justice, Salem, Or., for respondent.

## OPINION
## AND
## ORDER OF DISMISSAL

KILKENNY, District Judge:

Petitioner, in this habeas corpus proceeding, charges that he is being unlawfully detained by the Warden of the Oregon State Penitentiary. A statement of substantially all of the facts is set forth in the opinion on petitioner's appeal to the Oregon Supreme Court, Barnett v. Gladden, 237 Or. 76, 390 P.2d 614 (1964), cert. denied 379 U.S. 947, 85 S.Ct. 445, 13 L.Ed.2d 545 (1964). Except insofar as indicated, I shall not burden this opinion with a restatement. The cause has been submitted to me on the entire record and I find the facts to be substantially as recited in said opinion and as hereinafter stated.

Here, petitioner urges three major points:

(I)   that he has twice been placed in jeopardy for the same offense;

(II)   that the indictment under which he was tried in the Oregon courts did not meet with the requirements of Oregon law; and

(III)   that he was not represented by an attorney at the time of his preliminary hearing.

Issues II and III go beyond those outlined in the pre-trial order and the only reason that they are here considered is that petitioner attempts to raise those issues in a separate memorandum. This is despite the agreement that all issues should be raised in the pre-trial order.[1]

Petitioner personally signed the pre-trial stipulation and order.

## I.

As an outgrowth of an occurrence in Pendleton, Oregon, on the 13th day of March, 1960, the petitioner was charged in the municipal court of the city of Pendleton, state of Oregon, with the offense of immoral practices. It is agreed that on said day the petitioner, while drunk, met two 14 year old girls in Pendleton and directed and used some offensive language toward them. The petitioner was arrested on the same day, was charged with being drunk in a public place, and on March 14th pleaded guilty and was fined $25.00. On the complaint of one of the girls, he was charged on the same date, in the municipal court of the city with a violation of a municipal ordinance providing:

"No male person shall make improper advances or indecent remarks or impertinently seek to attract the attention of any female person upon the streets or in public places."

He was tried and convicted in said court. Petitioner was sentenced to 30 days in the city jail and served his time on the municipal charge. Later, on March 31, 1960, the grand jury of Umatilla County, Oregon, returned an indictment against the defendant charging him with a violation of ORS 167.045, which provides:

"(1) No person over the age of 16 years shall wilfully and wrongfully and forcibly take from any place, or wilfully and wrongfully and forcibly detain in any place, or wilfully and wrongfully induce or entice into any place of concealment or upon any type of conveyance, any child under the age of 16 years with the intent to commit with or upon such child any act punishable under ORS 163.210, 163.220, 163.-270, 167.035 or 167.040."

1. "2. The declared purpose of this pretrial stipulation and order is to prevent piecemeal and repetitious petitions to the Court for relief, to hear and consider all matters that might affect the validity of his confinement in the Oregon State Penitentiary."

Thereupon, in the circuit court of the state, the petitioner entered a plea of former jeopardy to said indictment, based on the municipal court conviction. This matter was argued to the circuit judge and the plea overruled on April 8, 1960. On the same date, he entered a plea of not guilty to the indictment. The case was set for trial on May 18th. To be kept in mind is that the girl, who charged the petitioner with the violation of the municipal ordinance and on which he was convicted, was not the same girl who is mentioned in the indictment as returned by the grand jury. The plea of not guilty was withdrawn on May 12th, shortly before the trial date. A plea of guilty was then received on which judgment was entered on June 27, 1960, and petitioner was sentenced to imprisonment for the period of his natural life. No appeal was taken from that judgment. For that matter, no appeal was available after a plea of guilty, except as to the sentence.

The opinion of the Oregon Supreme Court, Barnett v. Gladden, supra, avoided a head-on collision with the alleged constitutional problems by holding that petitioner's failure to appeal from the adverse ruling in the trial court as to the plea of former jeopardy; (1) waived the defense, and (2) that the merits of such a plea could not be heard in a habeas corpus proceeding.

Judge Denecke's well reasoned dissent, joined in by Justice O'Connell, gives petitioner a ray of hope; sufficient, at least, to justify this proceeding.

Petitioner claims that he did not waive his constitutional rights (5th and 14th Amendments). Inherent in his argument is that he would not have entered a plea of guilty if the trial judge did not deny his plea of former jeopardy.

The former jeopardy issues here presented, as stated by the petitioner, are:

(I) did the petitioner waive the defense of prior jeopardy by pleading guilty after the court had overruled his plea of prior jeopardy?

(II) if he did not waive the defense of prior jeopardy, was his municipal court prosecution and conviction a bar to a subsequent state court conviction?

## I.

Since I feel that this court must come to grips with the constitutional issues presented by petitioner, I shall assume, without deciding, that the petitioner did not waive his defense of former jeopardy by pleading guilty after the court had overruled his plea. Likewise, I shall assume, without deciding, that the issue of former jeopardy can be raised in this habeas corpus proceeding. At least one unsupported statement of the Court of Appeals of the Ninth Circuit, would indicate otherwise. Crapo v. Johnston, 144 F.2d 863 (9th Cir. 1944), cert. denied 323 U.S. 785, 65 S.Ct. 267, 89 L.Ed. 626, rehearing denied 323 U.S. 818, 65 S.Ct. 428, 89 L.Ed. 650.

## II.

For a defendant in a criminal case to rely on a defense of former jeopardy, he must show that the second offense for which he is being prosecuted, is the same, or substantially the same, as the one on which he was previously prosecuted. The test of identity of offenses is whether the same evidence is required to sustain them. If not, then the fact that both charges relate to or grow out of the same transaction, does not make a single offense where two are defined by statute. In other words, if one statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution under the other. Ross v. United States, 103 F.2d 600 (9th Cir. 1939); Henry v. United States, 215 F.2d 639 (9th Cir. 1954). To be conceded, is the fact that the language used by the defendant in the presence of the girls was the general basis for prosecution in the municipal court and in the circuit court. That fact, in and of itself, does not preclude a prosecution under both statutes. A case almost identical with

the facts here presented, is Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911). There, the municipal ordinance on which the defendant was convicted, prohibited behaving in an indecent manner in a public place, open to public view. The other statute, under which the defendant was convicted, prohibited an outrage, insult or a threat to a public official or agent of authority. There, the court held that a conviction or acquittal upon one charge is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The court emphasized that the test was not whether the defendant has already been tried for the *same act,* but whether he had been put in jeopardy for the *same offense.* A significant quotation from this authority is set forth in the footnote.[2]

■ I am in complete agreement with respondent's argument that the evidence to support a conviction upon charges of an attempted inducement of a child, with intent to commit a sex act under ORS 167.045, is quite different than the evidence which was necessary to prove the charge of making improper advances, or indecent remarks, or impertinently speaking to attract attention of a female person, under the municipal ordinance.

The essential elements for conviction under the statute were: (1) a person over the age of 16 years; (2) wilfully or wrongfully inducing or enticing; (a) into any place of concealment; (b) any child under 16 years of age; and (c) with intent to commit a sex act.

To obtain a conviction under the ordinance, all that was necessary to be shown was that accused was (1) a male person making (a) improper advances to, *or* (b) indecent remarks to, *or* (c) impertinently seeking to attract attention of (2) any female person (3) on streets in public places.

This analysis clearly demonstrates that entirely different evidence was essential to prove the violations, each offense requiring proof of some fact or element not needed to establish the other.

*Gavieres* has been cited with approval in countless cases, including Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954).

Furthermore, it appears that the violation of the municipal ordinance was charged by a private complainant, one Helen Moyle. The indictment charging the violation of the state statute named one Jean Corwin as the female induced or enticed.

Conceding that there is a conflict of authority on the question of whether the defense of former jeopardy is available when two or more persons are the object of an offense committed in a single act, the great weight of authority follows Hoag v. State of New Jersey, 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913 (1958), holding that where two or more persons are injured by a single criminal act, there are as many and distinctive offenses as there are persons.

■ Petitioner's counsel devotes considerable time to the historical background of the plea of double jeopardy. While this history is instructive, it does not change the great weight of authority to the effect that a single act may constitute an offense against a municipality and a crime against a state. Oregon has followed this rule for many years. Miller v. Hansen, 126 Or. 297, 269 P. 864 (1928); Claypool v. McCauley, 131 Or. 371, 283 P. 751 (1929); Mayhew v. City of Eugene, 56 Or. 102, 104 P. 727 (1910).

Grafton v. United States, 206 U.S. 333, 27 S.Ct. 749, 51 L.Ed. 1084 (1907) and Harlow v. United States, 301 F.2d 361 (5th Cir. 1962) are concerned with prose-

---

2. "It is true that the acts and words of the accused set forth in both charges are the same; but in the second case it was charged, as was essential to conviction, that the misbehavior in deed and words was addressed to a public official. In this view we are of opinion that while the transaction charged is the same in each case, the offenses are different. * * * *" (220 U.S. 338, 342, 31 S.Ct. 421, 422.)

cutions where the particular courts derived their authority from the same sovereign. Here, the municipal ordinance derived its authority from the city of Pendleton, while the statute derived its authority from the state of Oregon. To be conceded is the fact that the United States Supreme Court has had considerable difficulty with the double jeopardy clause of the Fifth Amendment insofar as it related to successive state and federal prosecutions. The fact remains, however, that in Bartkus v. People of State of Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), the court, by a narrow margin of 5 to 4, upheld the second prosecution.

In the light of the foregoing authorities, I conclude that the Honorable William W. Wells, Circuit Judge of the State of Oregon, was correct in his holding that there was no substance to petitioner's plea of double jeopardy.

## II.

■ Here, the petitioner urges that the indictment under which he was tried in the Oregon courts did not meet the requirements of Oregon law. These are matters which were properly before the Oregon Supreme Court. That court decided against petitioner's contentions. Apart from Federal constitutional problems, the Oregon court's pronouncements on its own laws and procedures are conclusive. Reed v. Rhay, 323 F.2d 498, 499 (9th Cir. 1963).

## III.

■ Petitioner did not have the benefit of an attorney at his preliminary hearing. The record discloses that he was represented by counsel (1) at his arraignment, (2) on his plea of former jeopardy, (3) on his plea of not guilty, and (4) on his change of plea and plea of guilty. There is nothing in the record to indicate that the proceedings at the preliminary hearing played any part in the later proceedings, or in any way led up to his plea of guilty. Contrawise, it appears that the absence of counsel at the preliminary hearing contributed nothing to petitioner's acts which led to his plea of guilty and sentence. There may be circumstances under which an accused is entitled to the benefit of counsel at a preliminary hearing, but they are not here present.

In any event, I would follow the logic of the Oregon Supreme Court in Elliott v. Gladden, 86 S.Ct. 1982, February 24, 1966, holding Escobedo. v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977 (1964), should not be given retrospective application to cases that had been finally decided before June 22, 1964, the date of the *Escobedo* decision. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), is of importance on the subject.

It is my belief that the decision in Palko v. State of Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937), teaching that the double jeopardy provision of the Fifth Amendment to the Constitution of the United States was not obligatory on the states, has been eroded by the later decisions of Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) (concurring opinion of Justice Harlan), and United States ex rel. Hetenyi v. Wilkins, 348 F.2d 844 (2d Cir. 1965), and others, to such an extent that it no longer expresses the temperament of the Court on the subject. In any event, I do not feel that the facts in *Palko* would justify an application of that decision to the facts before me.

This opinion shall serve as my findings and conclusions on the record presented.

Finding no substance in petitioner's contentions, his petition for a writ of habeas corpus is denied.

It is so ordered.